DAVIS vs. TUTTLE & EPPERLY.

Under the act of 1841, a plea of usury should set forth distinctly the usurious contract.

## ERROR to Macon Circuit Court.

Todd, *for Plaintiff in error,* contended:

1st. The plea is double, multifarious; is part for usury; part in payment.

2nd. There was no evidence to prove the plea of usury.

The judgment was irregular and should be set aside:—

I. Because it was entered without a trial and finding of either issue between the parties, for defendants.

II. If there was no issue made upon the plea of usury, and no trial of it, then the judgment was given upon demurrer without default taken.

III. If there was an issue on the plea, the Court gave judgment upon it, without evidence, and any finding of the issue.

IV. The judgment without finding the issues, or without evidence for the County of Macon, is irregular and prejudicial to plaintiff.

V. The judgment, if the plea was true, should be for the plaintiff for all but the sum of $76 91 cents previous usury, and 10 per cent. upon the residue after the note became due; and the judgment for the County should be only for such 10 per cent. after due.

VI. But it is insisted that the allegation of the sum of $76 91 being usurious on previous contract, and included in the note sued on, shows the note to be without consideration for that sum, and should be so pleaded; and is not a usurious contract in making the last note. See statute of 1840, referred to in defendant's brief.

*Davis* vs. *Tuttle & Epperly.*

GILSTRAP, *for Defendants in Error:*

Makes the following points before the Court:—

1st. A general demurrer will be sustained only when the plea or other pleading is defective in substance. See 1 vol. Ch. pleading, page 702. Revised Code Mo., page 458, §13 and 14.

2nd. The giving of a new note does not put an end to a usurious contract, if the usurious contract be still preserved and so averred in the plea, but is an indirect promise to the end to obtain a higher rate of interest than is lawful. See Session Acts of 41, page 95.

3rd. The Court did not err in overruling the plaintiff's demurrer, nor in refusing a new trial for the reasons above stated.

SCOTT, J., *delivered the opinion of the Court.*

This was an action on a promissory note for the payment of $170 78, brought by the plaintiff in error against the defendant in error. The proceeding was by petition in debt. Two pleas were filed to the action, *nil debit,* and a special plea of usury, setting forth that said plaintiffs ought not to have and maintain their said action against them, because they say, that on the 1st day of January, A. D., 1840, at the County of Macon, and State of Missouri, before the making of the promissory note in the petition mentioned, it was corruptly and against the form of the statute in such case made and provided, agreed by and between the said plaintiff and the said defendants, that the said Daniel G. Davis should loan and advance to the said N. W. Tuttle, the sum of three hundred and fifty dollars, and that for and in consideration of the said Davis forbearing and giving day of payments upon the said sum from the date last aforesaid, until the 25th day of December, 1840, it was then and there corruptly and unlawfully agreed by and between the said plaintiff and defendant Tuttle, that said Tuttle should pay more than lawful interest at and after the rate of ten per cent. per annum on said sum of three hundred and fifty dollars, that is to say, to-wit: on the said 1st day of January, A. D., 1840, at the County and circuit aforesaid, the sum of ninety-six dollars and eighty-seven cents, which, together with the sum of three hundred and fifty dollars, so to be lent and advanced as aforesaid, by said plaintiff to said Tuttle, made and amounted to the sum of four hundred and forty-six dollars eighty-seven cents, and that for the security of the payment of said sum so loaned and advanced, and the usurious interest so agreed to be paid by said Tuttle to said Davis, the said defendant Tuttle did then and there, to-wit: on the day and date last aforesaid, make and execute his promissory note with Samuel Richmond as his security, for the said sum of four hundred and

forty-six dollars and eighty-seven cents, and in pursuance of said unlawful contract and agreement, delivered said note so executed as aforesaid, to said Davis, plaintiff as aforesaid. And the defendants aver, that afterwards, to-wit: on the 4th day of March, 1841, at the county and circuit aforesaid, the said plaintiff received from the hand of one Thos. K. White, for and on behalf of said Tuttle, in part discharge of said last mentioned note, the sum of one hundred and seventy-five dollars, and afterwards, to-wit: on the 1st day of August, A. D., 1841, the said defendant Tuttle, delivered to said Davis, a certain note of hand upon a certain James Wisdom, for the sum of one hundred dollars; and that afterwards, to-wit: on the 14th day of September, 1841, the said Davis, plaintiff as aforesaid, received of and from the said defendant Tuttle, the sum of one hundred and thirty-four dollars, amounting in all to the sum of four hundred and nine dollars; and afterwards, to-wit: on the said 14th day of September, A. D., 1841, in pursuance and further consideration of said unlawful, usurious and corrupt agreement, for the use, forbearance, and giving day of payment upon the sum of three hundred and fifty dollars, as above stated; and after the payment as above stated, to-wit: on the day and date last above written, at the county and circuit aforesaid, it was further unlawfully and corruptly agreed by and between the said plaintiff and defendant, that if the said defendant would renew and make a new note for the balance that would remain after deducting the credits aforesaid, from the principal so advanced and loaned as aforesaid, and the remainder of the usurious interest as aforesaid, together with 25 per cent. per annum on said balance, &c., the said plaintiff would give time and further day of payment until the 14th day of September, A. D., 1842; and in pursuance of which said last mentioned corrupt and unlawful agreement, the said defendants gave and executed to the said D. G. Davis, plaintiff as aforesaid, the note in the petition mentioned. And said defendants aver, that the said sum of one hundred and seventy dollars, seventy-eight cents, the amount in the note in the petition mentioned, is the residue of what remained of the principal and usurious interest as first above agreed upon, together with the 25 per cent. per annum on said residue. That seventy-six dollars and ninety-one cents of said note in the petition mentioned, is usurious and unlawful interest, which had accrued, and was due from the said defendant Tuttle, to said plaintiff, before and at the time of the execution of the note in the petition mentioned, and that twenty-five dollars, part and parcel of said sum of one hundred and seventy-seven dollars in the note in the petition specified, is the usurious interest over and above

the rate of ten per cent. per annum interest, which was then and there agreed to be paid for the forbearance, and giving day of payment upon the said last mentioned sum as specified in said note in the petition mentioned; and this they the said defendants are ready to verify, wherefore they pray judgment if said plaintiff should have and maintain his said action thereof against them, &c. To this plea there was a demurrer, and on the demurrer judgment was rendered that the defendants recover of and against the said plaintiff their costs and charges by them in this behalf expended, and that they have thereof execution ; and it is further considered by the Court here, that the County of Macon recover of and against the said defendant, the sum of forty-nine dollars and five cents for her damages, and that she have thereof execution. The note on which suit was brought, bore date 14th September, 1841. The plaintiff in the suit below sued out this writ of error.

· The note on which this suit was brought, was executed under the law of the 27th January, 1841, entitled " An Act to amend an Act entitled an Act regulating interest of Money." This act directed that if the plea of usury be sustained, the judgment should be for the sum actually lent and interest on the same at the rate of ten per cent. per annum. The plaintiff taking only his principal, or sum lent, and a judgment being rendered for the County in which the suit is brought, for the ten per cent. interest.

The objection to the plea is, that the usurious contract is not set forth with that degree of precision necessary to enable the Court to give judgment upon it. The proceedings in this cause took place before the late revision, under a law which required that the special facts should be set forth in a plea of usury.

We are of opinion that the objection to the plea is valid. After many attempts, we have not been enabled to ascertain from the plea the data on which the judgment is predicated. We have been unable to arrive at the conclusion to which the Court came. Indeed, if the plea is properly understood, it contains an admission that a part of the sum for which the note was given was money actually loaned, and yet there is no judgment for the plaintiff for any thing.

The other Judges concurring, the judgment will be reversed, and the cause remanded.